UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANTONIOS STAMOS,

                        Plaintiff,

         -against-

THE CITY OF NEW YORK, P.O. THOMAS GALLAGHER, Shield No. 020595, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

12 CV 7521 (GBD)

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff, Antonios Stamos, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a Hispanic male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. THOMAS GALLAGHER and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On June 24, 2011, at approximately 3:00 p.m., plaintiff Antonios Stamos was lawfully driving his car at the southeast corner of Harlem River and Macombs Dam Bridge, County of Bronx, City and State of New York.

14. At the aforesaid time and place, plaintiff Antonios Stamos observed defendant P.O. GALLAGHER directing traffic and stated to defendant that he needed to head southbound on Interstate Route 87 towards Manhattan, and asked defendant if he could be let through.

15. Defendant P.O. GALLAGHER did not respond and plaintiff Antonios Stamos proceeded to drive his vehicle onto I-87 southbound towards Manhattan.

16. Thereafter, plaintiff Antonios Stamos noticed defendant P.O. GALLAGHER follow plaintiff across the bridge into Manhattan.

17. As plaintiff Antonio Stamos was driving over the bridge, the vehicle in front of plaintiff came to an abrupt stop causing plaintiff to slam on his brakes.

18. As a result, plaintiff Antonio Stamos observed defendant P.O. GALLAGHER fall off his NYPD scooter as defendant was directly behind plaintiff's vehicle.

19. Thereafter, plaintiff Antonios Stamos immediately called 911 to request medical attention for P.O. GALLAGHER who, at the time, was bleeding from his left arm.

20. Thereafter, P.O. GALLAGHER came towards plaintiff Antonios Stamos' car and began yelling at plaintiff, demanding that plaintiff produce his license.

21. At that time, plaintiff Antonios Stamos was on his cell phone with a 911 dispatcher requesting medical assistance for the injured defendant police officer.

22. In response, plaintiff Antonios Stamos informed defendant P.O. GALLAGHER that he was on the phone with 911 and that he would give him his license as soon as he was finished.

23. Notwithstanding the lack of any incriminating evidence against plaintiff Antonios Stamos, defendant P.O. GALLAGHER arrested plaintiff and charged him with Obstructing Governmental Administration.

24. Thereafter, defendants transported plaintiff Antonios Stamos to the police precinct inside Yankee Stadium and issued plaintiff an additional summons for Disorderly Conduct - making an obscene gesture in a public place.

25. At no time on June 24, 2011 did plaintiff Antonios Stamos make an obscene gesture in a public place.

26. As a result of this unlawful arrest, plaintiff Antonio Stamos spent approximately one day in jail, and was required to make multiple court appearances to defend himself against the false charges which defendants had filed against him.

27. Notwithstanding defendants' unlawful and perjurious conduct, on November 18, 2011, all charges against plaintiff Antonios Stamos were dismissed by the Honorable R. Ross.

28. As a result of the foregoing, plaintiff Antonios Stamos sustained, _inter alia_, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

31. All of the aforementioned acts deprived plaintiff Antonios Stamos of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     As a result of defendants' aforementioned conduct, plaintiff Antonios Stamos was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

37.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants misrepresented and falsified evidence before the District Attorney.

40.     Defendants did not make a complete and full statement of facts to the District Attorney.

41.     Defendants withheld exculpatory evidence from the District Attorney.

42.     Defendants were directly and actively involved in the initiation of criminal proceedings against Antonios Stamos.

43.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff Antonios Stamos.

44.     Defendants acted with malice in initiating criminal proceedings against plaintiff Antonios Stamos.

45.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff Antonios Stamos.

46. Defendants lacked probable cause to continue criminal proceedings against plaintiff Antonios Stamos.

47. Defendants acted with malice in continuing criminal proceedings against Antonios Stamos.

48. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

49. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff Antonios Stamos's favor on November 18, 2011, when all charges against him were dismissed.

50. As a result of the foregoing, plaintiff Antonios Stamos sustained, <u>inter alia</u>, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### <u>MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983</u>

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth herein.

52. The aforementioned individual defendants issued legal process to place plaintiff Antonios Stamos under arrest.

53. The aforementioned individual defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

54. The aforementioned individual defendants acted with intent to do harm to plaintiff Antonios Stamos, without excuse or justification.

55. As a result of the foregoing, plaintiff Antonios Stamos sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" as if the same were more fully set forth at length herein.

57. Defendants arrested and incarcerated plaintiff Antonios Stamos in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

58. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff Antonios Stamos.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Antonios Stamos as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff Antonios Stamos as alleged herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Antonios Stamos was incarcerated unlawfully for one day.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff Antonios Stamos.

65. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff Antonios Stamos's constitutional rights.

66. All of the foregoing acts by defendants deprived plaintiff Antonios Stamos of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

67. As a result of the foregoing, plaintiff Antonios Stamos is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff Antonios Stamos demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
October 4, 2012

BY:_____/s/_____
JON L. NORINSBERG (norinsberg@aol.com)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396